UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSZETTA MARIE McNEILL,                    Case No. 11-11130

        Plaintiff,                          Gerald E. Rosen
v.                                         United States District Judge

WAYNE COUNTY,                              Michael Hluchaniuk
                                           United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTIONS FOR SUMMARY JUDGMENT (Dkt. 32, 54)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint against her former employer, Wayne County, for alleged violations of the Americans with Disabilities Act (ADA) and the Michigan Persons with Disabilities Act. (Dkt. 1).[1] This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 7). Plaintiff filed her amended motion for summary judgment on March 16, 2012. (Dkt. 32). Wayne County filed its response on June 6, 2012. (Dkt. 55). On May 30, 2012, Wayne County filed its own motion for summary judgment. (Dkt. 54). Plaintiff filed two responses, one on June 13, 2012 and one on June 20, 2012. (Dkt. 57, 64). Wayne

---

[1] Plaintiff's complaint title also identifies generic claims for "coercion, discrimination, harassment and retaliation" but these are not identified as counts in her complaint and do not appear to be separately asserted claims. (Dkt. 1). Thus, they are not addressed in this report and recommendation.

County filed a reply in support of its motion on June 27, 2012. (Dkt. 65). These matters are now ready for report and recommendation

For the reasons set forth below, the undersigned **RECOMMENDS that** plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the remaining motions in this case be **TERMINATED** as moot (Dkt. 42, 45, 46),[2] and that plaintiff's complaint be **DISMISSED with** prejudice.

## II.   FACTUAL BACKGROUND

This matter involves a long and complicated history between the parties, spanning many years and multiple lawsuits. As explained in an opinion issued by Chief Judge Rosen in an earlier case between the parties, plaintiff was initially hired by Wayne County in 1997, and remained employed by the County, with some periods of interruption, until her discharge in August of 2007. (Case No. 08-10658, Dkt. 20). Plaintiff resigned from her position on at least two occasions, but each time was rehired. During the period of plaintiff's employment, the County was informed that she had been diagnosed with lupus and thrombocytopenia, and that her physician had imposed a restriction against lifting more than 25 pounds. *Id.* Plaintiff has claimed at various points throughout her

---

[2] In the view of the undersigned, the pending discovery motions are unrelated to the issues presented in this report and recommendation and, therefore, need not be addressed on the merits.

employment that the County has failed to properly accommodate her medical conditions and limitations, and she has filed a number of charges with the Equal Employment Opportunity Commission (EEOC) challenging the County's treatment of her. *Id*. Plaintiff also has brought a number of lawsuits complaining of this alleged mistreatment, including two earlier filed suits in this Court in 2005 and 2008, both of which were resolved in favor of Wayne County.

The facts underpinning the present lawsuit begin in November 2008 when Arbitrator Barry Goldman granted plaintiff's grievance and issued an award returning her to work and to be made whole. Plaintiff returned to work on January 5, 2009 assigned to her Account Clerk classification. Meanwhile, on January 24, 2009 Arbitrator Goldman, having retained jurisdiction over the implementation of the "make whole award," ruled that plaintiff was not entitled to a promotion (or its compensation) for which she applied but did not complete the examination process due to the termination. Further, Arbitrator Goldman ruled subsequently, because the parties could not agree, that plaintiff was entitled to $37,000.00 in back pay, subject to all withholdings, along with crediting plaintiff with 76 hours of vacation time. Plaintiff returned to work on January 5, 2009. She subsequently alleged that Wayne County again failed to accommodate her restriction of a 25 pound weight

lifting limitation. (Dkt. 54-2, Pg ID 1351, dep. 46).[3] Plaintiff's last day worked was April 1, 2009.

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

---

[3] Plaintiff testified that the 25 pound weight limitation was "to qualify me for a position at Wayne County where it says, With restrictions, no heavy lifting 25 pounds. This was to qualify me for my job at Wayne County, so it consistently goes with me, working my job at Wayne County. It did not change." (Dkt. 54-2, Pg ID 1352, dep. 49). Plaintiff also claimed a restriction from repetitive hand movement. (Dkt. 54-2, Pg ID 1353, dep. 54).

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).[4]

B. <u>Analysis</u>

In the view of the undersigned, this matter can be disposed of based on plaintiff's claim that she was completely disabled in her social security disability application and the resulting administrative decision. As set forth in the decision from the Administrative Law Judge (ALJ) awarding plaintiff social security

---

[4] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself. *Id.* ("The standard for granting summary judgment remains unchanged.").

disability benefits, dated March 8, 2010, plaintiff filed her application for social security disability benefits on January 15, 2008. She claimed an alleged disability beginning August 28, 2007 in her applications to the Social Security Administration. (Dkt. 54-15). The ALJ determined that plaintiff was disabled from working as of January 27, 2010. *Id.* More specifically, the ALJ concluded that plaintiff had the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work ... with non-extertional limitations: The claimant can lift no more than a maximum of 10 pounds at a time; occasionally lift and/or carry articles like docket files, ledgers, and small tools; stand/walk for a total of no more than 2 hours in a normal 8-hour workday; and sit for a total of 6 hours in a normal 8-hour workday subject to postural limitations of occasionally climbing ladders, ropes, and scaffolds, and occasionally crouching, crawling, stooping, and kneeling, and a manipulative limitation of only occasionally performing fine manipulations and gross manipulations.

(Dkt. 54-15, Pg ID 1514-1515). The ALJ specifically concluded that plaintiff was not able to perform her past work as an accounting clerk, a detention specialist, and finance clerk as it was generally performed in the national economy, and his findings would have precluded her from performing her past work as she described it to the ALJ. (Dkt. 54-15, Pg ID 1517). The ALJ concluded that, however, prior to her turning age 50, there were sufficient other jobs available in

the national economy that she was able to perform with the above-described RFC. On January 27, 2010, plaintiff was within four months of turning 50 years old, and therefore, she became categorized as an individual "closely approaching advanced age" on that date. Given this classification, as of January 27, 2010, with the RFC as found by the ALJ above, plaintiff was deemed disabled as of that date. (Dkt. 54-15, Pg ID 1517-1518).

In *Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 797 (1999), the Supreme Court held that an employee who had applied for or received Social Security Disability Insurance (SSDI) benefits under the Social Security Act (SSA) was not necessarily estopped from pursuing a claim under the ADA. Setting aside the situation where an employee makes contradictory factual assertions in two proceedings, the Court reasoned that an employee could both be "too disabled to work" for the purposes of SSDI benefits and still able to "perform the essential functions" of her job with "reasonable accommodation" for the purposes of the ADA. *Id*. at 802, 797-98. That is, the claims that "I am too disabled to work" and "I am able to work with reasonable accommodations" do not "inherently conflict to the point where courts should apply a special negative presumption" against a subsequent ADA claim. *Id*. at 802.

The Court also explained:

> If an individual has merely applied for, but has not been

> awarded, SSDI benefits, any inconsistency in the theory of the claims is of the sort normally tolerated by our legal system. Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to "set forth two or more statements of a claim or defense alternately or hypothetically," and to "state as many separate claims or defenses as the party has regardless of consistency." Fed. Rule Civ. Proc. 8(e)(2). We do not see why the law in respect to the assertion of SSDI and ADA claims should differ. (And, as we said, we leave the law in respect to purely factual contradictions where we found it.)

*Id*. at 805. And, the pursuit and receipt of Social Security disability benefits does not automatically estop a recipient from pursuing an ADA claim, and neither "does the law erect a strong presumption against the recipient's success under the ADA." *Id*. at 797-98. While there may be an appearance of a conflict between a claim for disability benefits and a claim under the ADA, there are situations where an individual may qualify for disability benefits and yet be capable of performing the essential functions of his job due to special circumstances. *Id*. at 802-804.

However, where there has been a disability determination, the ADA claimant must provide a sufficient explanation for any apparent contradiction that arises out of the earlier total disability claim and the ADA claim. *Id*. at 806. As the Supreme Court explained in *Cleveland*:

> An ADA plaintiff bears the burden of proving that she is a "qualified individual with a disability"- that is, a person "who, with or without reasonable

accommodation, can perform the essential functions" of her job. And a plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of her ADA case-at least if she does not offer a sufficient explanation. For that reason we hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the SSDI total disability claim. Rather, she must proffer a sufficient explanation.

[A] party cannot create a genuine issue of material fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity. When faced with a plaintiff's previous sworn statement asserting "total disability" *or the like*, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. ***To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."***

*Cleveland*, 526 U.S. at 806-807 (internal citations omitted, emphasis added); *see also Williams v. London Utility Comm'n*, 375 F.3d 424, 429 (6th Cir. 2004); *Butler v. Village of Round Lake Police Dept.*, 585 F.3d 1020 (7th Cir. 2005) ("[A] person who applied for disability benefits must live with the factual representations made to obtain them, and if these show inability to do the job then

an ADA claim may be rejected without further inquiry.").[5]

Given the ALJ's conclusions in this case regarding plaintiff's inability to perform her past work, there is plainly a contradiction between the SSA application/decision and plaintiff's ADA claim. In this case, plaintiff says there is nothing contradictory about her social security benefit award because she was not deemed disabled until January 27, 2010, long after the claimed failure to accommodate occurred. At her deposition, plaintiff explained that she was *not* totally disabled in 2009 when she came back to work at Wayne County. (Dkt. 54-2, Pg ID 1377, dep. 151). Plaintiff's explanation is unavailing, in the view of the undersigned. She represented to the SSA that she was disabled as of August 28, 2007. Under *Cleveland*, that may not necessarily be inconsistent with her ADA claim, except that plaintiff does not explain how she was qualified to perform her job when the ALJ concluded that she could not perform her past work as of the claimed onset date of August 28, 2007 and where he found that she had a residual functional capacity that was far more limited than the accommodations that she

---

[5] This analysis applies equally to plaintiff's state law claim under the Persons With Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101 *et seq*. *See Carpenter v. Snacktime Serv.*, 2005 Mich.App. LEXIS 871, at *18 (Mich. App. 2005) (holding that "if an individual is physically incapable of performing the duties of his job at the time he was discharged, summary disposition of his PWDCRA claim is proper.") (citation omitted); *Harris v. Elec. Data Sys. Corp.*, 1996 U.S.App. LEXIS 6109, at *25 (6th Cir. 1995) (unpublished decision) ("The general rule in Michigan is that if a plaintiff is unable to perform his or her duties at the date of discharge, then he or she is not handicapped under [PWDCRA] and summary disposition of his or her claim is proper."); *Townley v. Blue Cross & Blue Shield of Mich.*, 254 F.Supp.2d 661, 667-68 (E.D. Mich. 2003).

purportedly requested from Wayne County. As explained by the Supreme Court in *Cleveland*, *supra*, "[t]o defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" Plaintiff offers no explanation or evidence as to how she could have performed the job at issue with the restrictive RFC found by the ALJ, even with the requested accommodations. Under these circumstances, plaintiff has not sufficiently explained how she was qualified for the job at issue, with or without reasonable accommodation. Therefore, her claims fail. Given these conclusions, plaintiff's motion for summary judgment should be denied and defendant's motion for summary judgment should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS that** plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the remaining motions in this case be **TERMINATED** as moot (Dkt. 42, 45, 46), and that plaintiff's complaint be **DISMISSED with** prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 14, 2013                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>February 14, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Cheryl Yapo</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Roszetta Marie McNeill, 30221 Liberty Street, Inkster, MI 48141</u>.

                                            <u>s/Tammy Hallwood</u>
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov