UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSZETTA MARIE MCNEILL,

           Plaintiff,                           No. 11-cv-11130

vs.                                           Hon. Gerald E. Rosen

WAYNE COUNTY,

           Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO SET ASIDE REPORT AND RECOMMENDATION

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 06, 2013

    PRESENT:   Honorable Gerald E. Rosen
                            United States District Chief Judge

On February 26, 2013, Plaintiff filed a "Motion to Set Aside Magistrate Michael Hluchaniuk's Report and Recommendation for Summary Judgment." Though Plaintiff now asks the Court to set aside the Magistrate Judge's R&R "for the reason being that the Magistrate violated Plaintiff's "due process" and [the] "equal protection" clause of the U.S. Constitution," other than this bare allegation in the opening paragraph, the Motion contains no claims of constitutional deprivation. Rather, a review of the substance of this Motion shows nothing more than a rehashing of the objections to the R&R that Plaintiff filed on February 19, 2013. The Court already considered Plaintiff's objections and on

1

February 25, 2013, the Court adopted the Magistrate Judge's Report and Recommendation and entered an Order and Judgment dismissing Plaintiff's Complaint, in its entirety, with prejudice.  Therefore, Plaintiff's motion is moot.

To the extent that the Court considers Plaintiff's Motion to Set Aside the R&R as a motion for reconsideration, the motion fails.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for rehearing or reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain."  *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g);  *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a

court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, construing Plaintiff's motion as one for reconsideration, the motion will be denied. Plaintiff's motion merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside the Magistrate Judge's Report and Recommendation is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 6, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager